JUSTICE NELSON
dissents.
¶21 I dissent from our Opinion.
¶22 In deciding this matter on the basis of a theory and an issue not raised in the District Court, not utilized by the District Court, and not raised on appeahjusticiability/mootness-fchis Court has turned the case on its head.
¶23 While §50-77-101(3), MCA (1997), did limit liability for violations of the Scaffolding Act (the Act) to a contractor, subcontractor and builder, the violation of the Act is not and never was what this case is about. This case is about liability which must be imposed on the City of Missoula (the City) by reason of its building inspector’s negligent failure to inspect and enforce the undisputedly faulty scaffolding at issue here.
¶24 In her Amended Complaint, Dukes claimed liability by the City by reason of the building inspector’s negligence in failing to inspect. The City defended on that basis. The trial court ruled on that basis. The case was appealed-twice-on that basis. The City’s involvement in this case was not about the negligent construction or use of scaffolding, but about the City’s negligent failure to require the contractor, subcontractor and builder to comply with the Act. In creating from whole cloth the theory of justiciability/mootness to defeat the theory on which the case was actually litigated, our Opinion is just plain wrong. ¶25 We decided the issue actually litigated in favor of Dukes the first time this case was on appeal. Dukes v. Sirius Construction, Inc., 2003 MT 152, 316 Mont. 226, 73 P.3d 781 {Dukes I). In Dukes I, a lengthy and scholarly Opinion, we held that the Occupational Safety and Health Act (OSHA) did not expressly or impliedly preempt the City’s duty to inspect and enforce under the Act. Dukes I, ¶¶ 28 and 68. Indeed, we referred to this duty more than 30 times in our Opinion. ¶26 The duty to inspect under § 50-77-106, MCA (1997), is independent of liability under the Act for violations of the duty of the contractor, subcontractor and builder to provide safe scaffolding. In other words, the contractor has a duty under the Act to provide safe scaffolding and, if the contractor does not provide safe scaffolding, then the City cannot be held liable. However, under §50-77-106, MCA, the *163 City, acting through the building inspector, has a separate and independent duty to inspect and the City can be held liable for breach of that duty. Here, if the building inspector had inspected, he would have found an improperly constructed scaffold and the improper use of that scaffold. It is that duty-the inspector’s duty to inspect as required by § 50-77-106, MCA-that is implicated here, not the contractor’s separate duty to provide safe scaffolding.
¶27 For this Court to conclude that Tt]he Legislature did not intend to impose liability on any ‘county, city, town, or village,’ ”is to ignore the express wording of §50-77-106, MCA, that the building inspector has the duty “to take the necessary steps to enforce the provisions of this chapter.” (Emphasis added.) To, in effect, hold that a building inspector must wait until someone is injured or killed before the inspector has a duty to enforce the Act, nullifies the purpose of the Act-to provide for a safe work environment.
¶28 Obviously, in the litigation underlying Dukes I, the City thought it had a duty to inspect and enforce the Act. The City moved to dismiss itself from that litigation by claiming that OSHA preempted that duty. The trial court bought into that argument and granted the City’s motion. Dukes I, ¶ 1. The appeal was filed raising that issue. Dukes I, ¶ 3. And, we reversed the decision of the District Court and remanded for further proceedings-Dukes I, ¶ 70-supposedly consistent with the law of the case which we established in our Opinion.
¶29 Moreover, the legislative history ofthe repeal of§50-77-106, MCA (1997),[1] demonstrates that the Montana League of Cities and Towns-at whose behest the repeal was effected-elearly believed that the statute imposed a duty to inspect. That organization’s lobbyist told the Legislature that this law “required city building inspectors to go out and inspect construction sites.” Apparently, it never occurred to anyone-before this Court’s novel, from-whole-cloth theory-that this case was nonjusticiable and moot from inception because § 50-77-101(3), MCA (1997), limited liability for violations of the Act to the contractor, subcontractor and builder.
¶30 In Dukes I, if no duty to inspect existed ah initio, as our current *164 Opinion appears to suggest, then there was nothing for OSHA to preempt. More to the point, if there was no duty to inspect ab initio, then § 50-77-106, MCA, was meaningless; it was pure surplusage because whether the building inspector inspected or not, ultimately all liability was the contractor’s; the statute to the contrary, the building inspector had no duty at all. That is precisely why the Montana League of Cities and Towns got the Legislature to repeal §50-77-106, MCA; the cities did not want to be stuck with the separate duty to inspect.
¶31 We’ve certainly made fools out of the Montana League of Cities and Towns and the the Legislature for repealing § 50-77-106, MCA (1997), not to mention the lawyers, the District Judge, and the members of this Court that were all dumb enough to waste their time and resources on Dukes I.
¶32 I would reverse this case on the issue that was actually litigated and raised on appeal and, at the very least, I would remand for trial.
¶33 I dissent.

 The 1997 version of §50-77-106, MCA, provided:
Building inspector to enforce chapter. It is hereby made the duty of the building inspector, his deputy, or other authorities in any county, city, town, or village in the state, through the county attorney or any other attorney, in case of failure of such owner, person, or corporation to comply with this chapter promptly, to take the necessary steps to enforce the provisions of this chapter.
This statute was repealed by the 1999 Legislature. Sec. 1, Ch. 232, L. 1999.